1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RODERICK L. MITCHELL,                        No.  2:15-cv-02570-TLN-AC

12                   Plaintiff,

13          v.                                       ORDER

14    JEFFREY A. BEARD, et al.,

15                   Defendants.

16

17          Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to

18    28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by

19    Local Rule 302(c)(21).

20          Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable

21    to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma

22    pauperis will be granted.  28 U.S.C. § 1915(a).

23          The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

24    action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

25    or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26    § 1915(e)(2).

27          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th

1

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.

4         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5  which relief may be granted if it appears beyond a doubt that plaintiff can prove no set of facts in

6  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

7  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v. Roosevelt

8  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

9  this standard, the court must accept as true the allegations of the complaint in question, Hospital

10  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

11  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

12  McKeithen, 395 U.S. 411, 421 (1969).

13        The court finds that plaintiff's complaint does not contain a short and plain statement as

14  required by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible

15  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

16  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

17  alleges that he was convicted of a sex offense in state court and released on parole after twelve

18  years and eight months.  ECF No. 1 at 5.  As a condition of his parole he was required to attend a

19  sex offender treatment program.  Id.  As a part of this program plaintiff was required to submit to

20  a polygraph (lie detector) concerning his behavior while on parole.  Id.  Plaintiff was also allowed

21  to submit to a polygraph concerning his underlying conviction if he continued to assert his

22  innocence.  Id.  Plaintiff elected to be questioned concerning his underlying conviction and

23  submitted to the polygraph on May 14, 2014.  Id.  The test indicated that plaintiff's answers were

24  completely truthful.  Id.  Plaintiff was given an unofficial copy of the test results; however, when

25  plaintiff requested the official version he was refused.  Id.

26  ////

27  ////

28  ////

2

1    Plaintiff claims that by refusing to give him an official copy of his test results defendants

2    violated his rights to due process.[1] Id. at 6.  It is unclear, however, *how* exactly the California

3    Department of Corrections and Rehabilitation's (CDCR) decision to give him an unofficial

4    version of his test results violated his due process rights.  Plaintiff asserts that the unofficial

5    version includes fewer details that would establish his innocence and that the Constitution entitles

6    him to that exculpatory evidence.  Id. at 6, 7 (asserting that plaintiff has a right to all evidence that

7    "may pertain to any 'legal question of innocence or guilt'").  However, while it is true that

8    criminal defendants are entitled to exculpatory evidence in court, Illinois v. Fisher, 540 U.S. 544,

9    547 (2004) ("We have held that when the State suppresses or fails to disclose material

10   exculpatory evidence, the good or bad faith of the prosecution is irrelevant: a due process

11   violation occurs whenever such evidence is withheld." (citing Brady v. Maryland, 373 U.S. 83

12   (1963))), plaintiff does not assert that the official results were withheld in any court of law.

13   Instead, plaintiff seems to be asserting this due process right in a context outside of court entirely,

14   where it does not apply.  Nor does plaintiff offer any authority in support of the alternative

15   proposition that he has a substantive or procedural due process right to the official polygraph test

16   results.

17       In addition, plaintiff does not specifically allege how defendants Jeffrey A. Beard and

18   Daniel Stone are responsible for the CDCR's decision not to supply him with the official test

19   results.  "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must

20   plead that each Government-official defendant, through the official's own individual actions, has

---

[1]  Although plaintiff does not explicitly frame his claims as arising under § 1983, the court construes them as such based on his claim that his Constitutional rights were violated by defendants, who are employees of Sacramento County.  See ECF No. 1 at 1.  To the extent plaintiff intended to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, he has failed to state a claim because he does not actually attack his underlying conviction.  Section 2254 entitles prisoners in custody "pursuant to the judgment of a State court" to relief if they can establish that they are "in custody in violation of the Constitution or laws or treaties of the United States."  Although plaintiff asserts he was wrongfully convicted he does not include any actual claims relevant to his conviction.  Moreover, his claim that the CDCR violated his Constitutional rights by refusing to give him an official version of his test results is simply irrelevant to his State court conviction.  This means that *even if* plaintiff could establish that the CDCR violated his Constitutional rights, his underlying conviction would still remain intact.  Accordingly, any habeas corpus petition based on plaintiff's allegations would also have to be dismissed.

3

1  violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Plaintiff does not allege

2  a single fact specific to defendants. Instead, he seems to be basing defendants' liability on the

3  fact of their employment with Sacramento County. Such a theory of liability is improper,

4  however, because vicarious liability does not apply to § 1983 claims. In light of the foregoing,

5  the court will dismiss plaintiff's complaint with leave to amend.

6          If plaintiff chooses to amend his complaint he must correct the deficiencies noted above.

7  Plaintiff must distinguish among defendants and show particular claims against each one.

8  Plaintiff can do this by alleging in specific terms how each named defendant is involved and

9  which claims or causes of action are relevant to which defendant. Defendants may be grouped in

10 meaningful ways, but claims vaguely referring to "defendants" are insufficient. See McHenry, 84

11 F.3d at 1175. Plaintiff must not provide evidentiary attachments to the complaint.[2] Any amended

12 complaint must also show that the action is brought in the right place, that plaintiff is entitled to

13 relief if his allegations are true, and the amended complaint must contain a request for particular

14 relief. The amended complaint should contain separately numbered, clearly identified claims.

15         In addition, the allegations of the complaint must be set forth in sequentially numbered

16 paragraphs, with each paragraph number being one greater than the one before, each paragraph

17 having its own number, and no paragraph number being repeated anywhere in the complaint.

18 Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ.

19 P. 10(b). Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid

20 narrative and storytelling. That is, the complaint should not include every detail of what

21 happened, nor recount the details of conversations (unless necessary to establish the claim), nor

22 give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should

23 contain only those facts needed to show how the defendant legally wronged the plaintiff.

24         Local Rule 220 requires that an amended complaint be complete in itself without

25 reference to any prior pleading. This is because, as a general rule, an amended complaint

26 supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once

27 
   ───────────────
28 [2] While a complaint must contain specific allegations directed to specific defendants, it should not include evidentiary matters.

4

1  plaintiff files an amended complaint, the original pleading no longer serves any function in the

2  case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

3  involvement of each defendant must be sufficiently alleged.

4       In accordance with the above, IT IS HEREBY ORDERED that:

5       1.  Plaintiff's application to proceed in forma pauperis, ECF No. 2, is GRANTED;

6       2.  Plaintiff's complaint, ECF No. 1, is dismissed; and

7       3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

8  complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the

9  Local Rules of Practice; the amended complaint must bear the docket number assigned this case

10  and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of

11  the amended complaint; failure to file an amended complaint in accordance with this order will

12  result in a recommendation that this action be dismissed.

13  DATED:  January 4, 2016

14   

15  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

                     5