UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK L. MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY A. BEARD, et al.,<br><br>Defendants. | No. 2:15-cv-02570-TLN-AC<br><br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff, proceeding in this action pro se and in forma pauperis, filed his first amended complaint (FAC) on January 25, 2016, pursuant to the court's order. This proceeding was referred to this court by Local Rule 72-302(c)(21). The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

////

1

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds that plaintiff's FAC does not comply with Federal Rule 8 because it does not contain a short and plain statement showing plaintiff is entitled to relief. See Fed. R. Civ. P. 8(a). Rule 8 requires that a complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). The FAC alleges that plaintiff was convicted of a sex offense in state court, then released on parole and required to attend a weekly sex offender treatment program. ECF No. 4. As a part of this program plaintiff was required to submit to a polygraph (lie detector) test concerning his behavior while on parole. Id. Plaintiff was also allowed to submit to a polygraph concerning his underlying conviction if he continued to assert his innocence. Id. Plaintiff elected to be questioned concerning his underlying conviction and submitted to the polygraph on May 14, 2014. Id. The test indicated that plaintiff's answers were completely truthful. Id. Plaintiff was given an unofficial copy of the test results, however, when plaintiff requested the official version he was refused by the California Department of Corrections and Rehabilitation (CDCR). Id.

Plaintiff's FAC does not satisfy Rule 8's pleading standard, for several reasons. First, plaintiff does not provide a legal basis for his claim(s) or explain how the CDCR's decision to give him an unofficial version of his test results violated his rights. Plaintiff provides no authority for his assertion that he has a "legal right" to copies of all "original documents" related to his parole conditions. Moreover, he does not identify the nature of his federal cause of action. Indeed, the FAC *omits* the references to due process that were contained in the original complaint,

1   and does not refer to 42 U.S.C. § 1983 despite the court's discussion of that statute in its previous
2   order.  See ECF No. 3.  Second, the complaint does not include any factual allegations
3   demonstrating that the named defendants, the Secretary of the CDCR and the Director of Parole
4   Operations, were personally involved in the failure to provide plaintiff with the documents he
5   sought.  The court previously granted plaintiff leave to amend with instructions on how to address
6   this deficiency.  Id.  Because the FAC fails to give defendants fair notice of the claims being
7   asserted against them or the grounds upon which they rest, it fails to satisfy Rule 8.

8       Moreover, if the court construes the complaint as asserting a due process claim under 42
9   U.S.C. § 1983,[1] it fails to state a claim upon which relief may be granted.  Even if a state
10  regulation requires parolees to be provided copies of "official" polygraph results, the violation of
11  that regulation would not violate plaintiff's constitutional rights.  See Moreland v. Las Vegas
12  Metro. Police Dep't, 159 F.3d 365, 371 (9th Cir. 1998) (state law violations do not, on their own,
13  give rise to liability under § 1983) (citation omitted); Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir.
14  2001) ("To the extent that the violation of a state law amounts to the deprivation of a state-created
15  interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no
16  redress." (citations and internal quotation marks omitted)).  Violation of a state regulation
17  implicates federal due process only in limited circumstances not present here.  See Sandin v.
18  Conner, 515 U.S. 472 (1995).

19      For all the reasons explained above, the court will recommend that plaintiff's FAC be
20  dismissed.

21      The court will also recommend that the dismissal of plaintiff's amended complaint be
22  without leave to amend.  Courts must grant leave to amend where justice so requires.  Fed. R.
23  Civ. P. 15(a).  A district court, however, may in its discretion deny leave to amend "due to 'undue
24  delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies
25  by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

---

[1] This is the only construction of plaintiff's putative claims that potentially arises under federal law.  Plaintiff alleges that defendants violated CDCR regulations and thus violated "plaintiff's legal rights [sic] to pursue any and all legal avenues in his persuit [sic] of innocence."  ECF No. 4.

of the amendment, [and] futility of amendment.'" Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008). District courts have particularly broad discretion to dismiss without leave to amend where a plaintiff has amended once already. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009). As plaintiff continues to make conclusory and unsupported allegations against defendants despite being given a chance to amend with detailed instructions by the court, the court finds that any further attempt to amend would be futile. Moreover, in light of the nature of plaintiff's grievance, it is apparent that no facts could be pleaded that would state a federal claim. Accordingly, the court will recommend that plaintiff's FAC be dismissed without leave to amend because leave to amend would be futile.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's first amended complaint, ECF No. 4, be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE